The Honorable Gordon Webb, Prosecuting Attorney Fourteenth Judicial District Chair, Arkansas Sentencing Commission P.O. Box 483 Harrison, Arkansas 72602-0483
Dear Mr. Webb:
You have requested an Attorney General opinion concerning Acts 1317 and 1365 of 1999. Both Acts amend A.C.A. § 5-26-303 so as to provide enhancement for certain acts of domestic battery. With regard to these acts, you have presented the following question:
 Does the enhancement provision of Act 1365 of 1999 [which amends A.C.A. § 5-26-303(b)] replace the enhancement provision of Act 1317 of 1999 [which amends A.C.A. § 5-26-303(a)(4)]?
It is my opinion that the enhancement provision of Act 1365 of 1999 does not replace the enhancement provision of Act 1317 of 1999.
The pertinent part of Act 1317 of 1999 states:
(a) A person commits domestic battering in the first degree if:
* * *
 (4) He commits any act of domestic battering, as defined in §§ 5-26-303, 5-26-304, or 5-26-305, and within the past ten years, he has on two previous occasions been convicted of any act of battery, as defined by the laws of this state or by the equivalent laws of any other state or foreign jurisdiction, against a family or household member.
Acts 1999, No. 1317, § 2.
Act 1365 of 1999 also amends A.C.A. § 5-26-303 so as to provide for enhancement, but does not include the above-quoted enhancement provision of Act 1317 [i.e., A.C.A. § 5-26-303(a)(4)]. Instead, the enhancement provision of Act 1365 states:
 (b) Domestic battering in the first degree is a Class B felony; however, upon a conviction pursuant to paragraphs (a)(1), (2) or (3), if the person has, within the past five (5) years, committed a prior offense of domestic battering in the first, second or third degree or has violated an equivalent penal law of this state or of another state or foreign jurisdiction, domestic battering in the first degree is a Class A felony.
Acts 1999, No. 1365, § 2.
The question of whether the enhancement provision of Act 1365 is deemed to replace the enhancement provision of Act 1317 would arise only if the two enhancement provisions conflicted with each other.
A.C.A. § 1-2-207 states:
 (b) When more than one (1) act concerning the same subject matter is enacted by the General Assembly during the same session, whether or not specifically amending the same sections of the Arkansas Code or an uncodified act, all of the enactments shall be given effect except to the extent of irreconcilable conflicts in which case the conflicting provision of the last enactment shall prevail. The last enactment is the one which the Governor signed last.
A.C.A. § 1-2-207.
There is no irreconcilable conflict between the enhancement provisions of Acts 1365 and 1317. The two Acts provide for enhancement under different circumstances, and enhancement to different criminal levels. More specifically, Act 1317 provides for enhancement up to the level of domestic battering in the first degree (which is a Class B felony) in instances where the defendant has engaged in acts of first, second, or third degree battering, and within the last ten years has twice been convicted of any act of battery under any law. In contrast, the enhancement provision of Act 1365 provides for enhancement up to the level of a Class A felony in instances where the defendant has been convicted of first degree domestic battering, and within the last five years has committed the offense of first, second, or third degree battering or has violated any equivalent criminal law. These two provisions address different circumstances and bring about different results. Each can operate without the possibility of conflict with the other.
Because the two provisions do not conflict, I must conclude that the enhancement provision of Act 1365 does not replace the enhancement provision of Act 1317. Both provisions should stand.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh